UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PAYNE, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:06CV6(JCH) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Thomas E. Payne, an inmate at the Federal Correctional Institution in Terre Haute, Indiana (FCI - Terre Haute), to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1].

**Background**

In 1995, movant was convicted of conspiracy to distribute and to possess with intent to distribute cocaine. See United States v. Payned, Case No. 4:95CR71 (E.D. Mo., judgment issued December 8, 1995). Movant was sentenced to 324 months imprisonment to be followed by five years of supervised release. Id.

In 2001, movant sought and was denied relief pursuant to 28 U.S.C. § 2255 from this Court. See Payne v. United States, Case No. 4:01CV284(SNL) (E.D. Mo., order issued October 22,

1

2001). Movant was denied a certificate of appealability by the Eighth Circuit Court of Appeals. Payne v. United States, Case No. 02-1512 (8th Cir., August 28, 2002).

## The motion

Liberally construing the motion, movant alleges that his drug conviction and sentence are invalid under the Supreme Court's decision in Booker v. United States, 125 S.Ct. 738 (2005).

## Discussion

As noted above, movant previously sought relief pursuant to 28 U.S.C. § 2255. Title 28 U.S.C. § 2255 now provides that "[a] second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because there is no indication that the Eighth Circuit Court of Appeals has certified the instant motion as required by § 2255, this Court lacks jurisdiction to entertain this action.

At least three circuit courts, however, have held that when a petitioner files a second or successive habeas petition in the district court, without first seeking permission from the court of appeals, the case should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631. See

In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).  Under § 1631, a court shall, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought at the time it was filed.  Once the case is transferred, the court of appeals would then consider whether the second or successive petition meets the statutory requirements for consideration by the district court.  Liriano v. United States, 95 F.3d at 122-23.

Consequently, this case should be transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**, without prejudice, because he has not received appropriate certification from the Eighth Circuit Court of Appeal.

**IT IS FURTHER ORDERED** the instant motion shall be transferred to the Eighth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

An appropriate order shall accompany this memorandum and order.

Dated this <u>26th</u> day of <u>January</u>, 2006.

        /s/Jean C. Hamilton
        **UNITED STATES DISTRICT JUDGE**